## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## MARVAL POULTRY COMPANY, Inc., Respondent.

No. 8324.

United States Court of Appeals Fourth Circuit.

Argued June 20, 1961.

Decided June 22, 1961.

Allison W. Brown, Jr., Atty., N.L.R.B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and William J. Avrutis, Atty., N.L.R.B., Washington, D. C., on brief), for petitioner.

George V. Gardner, Washington, D. C., for respondent.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

Marval Poultry Company, Inc., the operator of a poultry processing plant at Dayton, Virginia, was found by the National Labor Relations Board to have committed unfair labor practices in violation of Sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1, 3).[1] The Board has now brought this petition for enforcement of its order.

Resisting the petition for enforcement, the employer emphasizes evidence that members of its supervisory staff were related to, or friendly with, individual employees who were shown by testimony to have been the victims of coercive action by the supervisors. The employer would draw the inference that all of the threats, surveillance, and other acts by supervisors, such as crowding automobiles off the highway, were more in the nature of "horseplay" than intimidation of the employees. It may be that the inference the employer would draw is a permissible one, but the evidence on this branch of the case clearly supports the inference drawn by the Board. Threats by a supervisor to an employee of discharge for union activity possibly may have been intended by the supervisor as "horseplay," but surely the Board was not required to find that they were so understood by the victims who testified without indicating any such understanding.

The Board also found that two employees had been wrongfully discharged because of their union activity. We accept the findings, as we must, for there is positive and direct evidence to support them.

This proceeding presents only factual questions which have been fully considered and resolved by the Board. Since the findings are adequately supported by the record, the differences between the parties are beyond the scope of review in this court.

Enforcement granted.

1. 129 N.L.R.B. No. 86.